Myron P. NOBLER, Plaintiff,

v.

BETH ISRAEL MEDICAL CENTER, Defendant.

No. 87 Civ. 0569 (RWS).

United States District Court,
S.D. New York.

Feb. 2, 1990.

**66**

Vladeck, Waldman, Elias & Engelhard, P.C., New York City (Judith P. Vladeck, Ruth E. Harlow, of counsel), for plaintiff.

Proskauer Rose Goetz & Mandelsohn, New York City (Allen I. Fagin, Bernard M. Plum, Donald B. Shanin, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Plaintiff Myron P. Nobler ("Nobler") moves to preclude defendant Beth Israel Medical Center ("BIMC") from calling two doctors, James Cox and Larry Davis, as witnesses. BIMC cross-moves for an order precluding the proposed testimony of another doctor, Arnold Melman. For the reasons stated below, both motions are denied.

*The Facts*

This action under the Age Discrimination in Employment Act of 1967, as amended, *29 U.S.C. § 621 et seq.* ("ADEA"), concerns Nobler's claim that he was denied promotion to the directorship of BIMC's new

Radiation Therapy Department because of his age. The background facts were previously summarized in this court's opinion of December 20, 1988, *Nobler v. Beth Israel Medical Center*, 702 F.Supp. 1023 (S.D.N.Y.1988), familiarity with which is assumed.

*The Issues*

A. *Admissibility of Melman's Testimony*

Nobler intends to testify at trial that the President of BIMC, Dr. Robert Newman ("Newman"), told him that the search committee for the Radiation Therapy Department directorship was looking for a "rising star." Counsel for plaintiff wish to call Melman to the stand to testify that Newman also told him that BIMC was looking for a "rising star" to fill a department directorship in urology that Melman sought. BIMC seeks to preclude that testimony on grounds that it is irrelevant and prejudicial.

■ Rules 401 and 402 of the Federal Rules of Evidence provide that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is generally admissible. In actions brought under the ADEA, age-related remarks by an employer which concern employment opportunities, such as promotion, have been held relevant and admissible, notwithstanding that such remarks were not directed specifically at the ADEA plaintiff. *See Shamley v. ITT Corp.*, 44 FEP Cases 1238, 1240, 1987 WL 9424 (S.D.N.Y.1987); *Moorhouse v. Boeing Co.*, 501 F.Supp. 390, 393 (E.D.Pa.), *aff'd mem.*, 639 F.2d 774 (3rd Cir.1980). As the court indicated in *Shamley*, such statements are admissible as evidence of the decision-maker's state of mind insofar as they might be construed either "innocently or as evidence of discriminatory intent." *Shamley*, 44 FEP Cases at 1240.

■ Of course, statements concerning age that are overly remote in time from the challenged employment action, or that do not bear on age in the context of employment decision-making, may lack relevance and be inadmissible on that ground. *See Haskell v. Kaman Corp.*, 743 F.2d 113, 120 (2d Cir.1984) (rejecting relevance of employer's age-related comments made years prior to disputed action which did not contain suggestion that age was a factor considered in the company's employment decisions). That is not the case with the Newman's "rising star" comment to Melman, which was made fairly contemporaneously with the statement to Nobler and which related directly to employment decision-making. Under the Rules of Evidence, therefore, that statement is relevant to the state of mind or animus of Newman, who concededly was involved in the search committee's decision-making with respect to Nobler.

■ For these reasons, the Newman statement is admissible evidence that may be introduced by means of Melman's testimony. Plaintiff may not, however, elicit testimony from Melman concerning the particular circumstances of his application for the urology directorship, including matters such as his age at that time, his credentials, or the perceived reasons for his non-selection for the Urology Department directorship. The Melman application was before a separate search committee, and testimony concerning the ingredients of that committee's decision-making would require the jury to become involved in determination of largely "collateral issues," *Shamley*, 44 FEP Cases at 1240. Such an endeavor is not necessary or warranted in view of plaintiff's disclaimer of any intention of proving an age-discriminatory "practice or pattern" on the part of BIMC or of relying on Melman's testimony for any purpose other than the admission of Newman's comment.

As Nobler does not seek to offer Melman as evidence of another instance of age discrimination, he should have no objection to these limitations upon Melman's testimony. In any event, under *Haskell v. Kaman*, 743 F.2d at 121, evidence offered to show that fellow employees were subjected to like

discrimination is admissible only where the proffer involves a sample "large enough to permit an inference that age was a determinative factor in the employer's decision."

The above limitations on Melman's testimony also ought to cure BIMC's concerns of prejudice arising from admission of unrelated employees' subjective accounts of perceived acts of employment discrimination. In this case there is no threatened "parade of witnesses, each recounting his contention that defendant had [discriminated against him in employment] because of his age." *Haskell v. Kaman Corp.*, 743 F.2d at 122 (quoting *Moorhouse v. Boeing Co.*, 501 F.Supp. 390, 393 n. 4 (E.D.Pa.), *aff'd mem.*, 639 F.2d 774 (3d Cir.1980). Melman will not be permitted on direct to testify concerning the reasons for, or the fact of, his non-selection. Should BIMC wish to examine Melman on such question, counsel for plaintiff then will, of course, be permitted the same opportunity.

### B. *Admissibility of Testimony of Cox and Davis*

BIMC seeks to offer the testimony of two doctors, Cox and Davis, each of whom is a well-established radiation oncologist, with respect to the academic and professional standing and credentials of Nobler and of another doctor, Bhadrasain Vikram ("Vikram"), who was chosen by BIMC for the position Nobler sought. It is conceded that neither Cox or Davis was on the search committee or was consulted by the members of the committee in connection with the committee's decision. On that basis, Nobler argues the testimony should be excluded, since "only the facts on which defendant was aware at the time of its decision [are] relevant" in an employment discrimination case. *Durso v. John Wana-*

*maker*, 38 FEP Cases 1127, 1127 (E.D.Pa. 1985).

It is true that to the extent the views of Cox or Davis were not available to the search committee at the time they were engaged in their deliberations, they cannot now be offered as direct support for the committee's decision not to hire Nobler. *See Goostree v. State of Tennessee*, 796 F.2d 854, 860 n. 1 (6th Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987). However, the proposed testimony's relevance must be appraised in the context in which it is offered: rebuttal of Nobler's contention that the committee's articulated reasons for hiring Vikram were pretextual.

From this standpoint, it readily appears to be admissible. BIMC contends that it based its decision upon an evaluation of which candidate was the most qualified to do the job and that applying solely criteria of merit, it selected Vikram. Plaintiff intends to demonstrate that this contention of BIMC is pretextual by showing, among other things, that Nobler was in fact the more qualified candidate. The contrary testimony of persons who although not involved in the appointment decision, have personal knowledge of the professional abilities and skills of Nobler and Vikram, is therefore evidence relevant to the rebuttal of plaintiff's thesis.[1]

Such testimony will also have some tendency to show whether or not a committee animated by a concern for professional merit could in good faith believe Vikram to be the better candidate (much as plaintiff's testimony that he was the more qualified candidate is offered to cast doubt on the committee's *bona fides*). The testimony of Cox and Davis cannot serve affirmatively to demonstrate that the committee did act with such a purpose. To the extent it suggests that the committee could have

---

**1.** To the extent that the Cox or Davis testimony is not based on their personal knowledge and opinions, but rather their recollection or construction of "composite description[s] of what people in a community have said and are saying" about the candidates, it constitutes evidence of reputation. McCormick on Evidence § 249, at 735 (3rd ed. 1985). Such evidence is treated as inadmissible hearsay when offered to prove the fact reputed, unless it falls within a stated evidentiary exception. *Id.* at 736. No such exception has been identified by defendant, who instead assures the court that the testimony will in fact be based on the witnesses' firsthand knowledge.

reached its determination without being animated by concerns apart from merit, however, such testimony does bear on the possibility that the committee actually did. It is therefore relevant.[2]

Under the law, it is this latter concern, *i.e.*, the committee's actual motivation and reasoning, that must remain the focal point of the jury's determination. Relying on Rule 403 of the Federal Rules of Evidence, Nobler urges that the proposed testimony of Cox and Davis will so confuse the jury that it will lose sight of that focus and instead believe that its role is to determine which candidate was most qualified for the BIMC directorship. In deliberating on that question, unfair prejudice will then arise from the influence of the *post hoc* views of Cox and Davis that the candidates were ranked correctly by the committee. Such a concern may be dealt with by appropriately worded cautionary instructions to the jury. The probative rebuttal value of the Cox and Davis testimony does not therefore appear to be "substantially outweighed" by the danger of unfair prejudice or jury confusion.

*Conclusion*

For the reasons noted above, the respective motions of Nobler and BIMC to preclude testimony are denied.

It is so ordered.

---

**2.** The judgment that such testimony is relevant assumes that the testimony in substance addresses at least some of the same criteria of evaluation that are alleged to have been the focus of the actual decision-makers. Here, the proffer with respect to the Cox and Davis testimony satisfies that concern, since they will speak to the candidates' relative academic qualification and achievements and the committee members apparently also will testify that academic strength was a factor in their decision.